IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARLOS SANCHEZ III, | § § § | |
| *Plaintiff,* | § § | CIVIL NO. |
| vs. | § § | SA-18-CV-0141-DAE |
| HOME DEPOT U.S.A., INC, | § § | |
| *Defendant.* | § § | |

## **ORDER**

Before the Court in the above-styled cause of action is Defendant Home Depot U.S.A., Inc.'s Motion to Compel Production of Medical Authorization [#36]. By its motion, Defendant asks the Court to compel Plaintiff to produce a signed medical authorization so that Defendant can obtain Plaintiff's medical records. The Court held a hearing on the motion on this day, at which both parties were present as represented by counsel. At the hearing, the parties explained that the disputed issue is not the production of a medical authorization but the scope of such release. Because Plaintiff seeks damages for past and future pain and suffering and emotional distress, Defendant is entitled discovery of Plaintiff's medical records for the agreed upon time period, and not just records related to Plaintiff's knee injury, as they are likely to contain evidence relevant to Plaintiff's and Defendant's theories of damages. Nothing in this Order should be construed as a ruling on the admissibility of any portion of these records for purposes of trial. In addition, the Court will order that these records be treated as "Attorneys' Eyes Only" pursuant to the parties' existing confidentiality and protective order [#28], but the parties should confer and de-designate those portions of the records that they agree will be necessary to use at trial.

**IT IS THEREFORE ORDERED** that Defendant Home Depot U.S.A., Inc.'s Motion to Compel Production of Medical Authorization [#36] is **GRANTED**.

**IT IS FURTHER ORDERED** that any records produced to Defendant pursuant to Plaintiff's medical authorization be designated as "Attorneys' Eyes Only." The parties are instructed to confer on lifting this designation as to any records that will be admitted at trial. Nothing in this Order prevents Plaintiff from arguing against the admissibility of any medical records through a motion in limine or otherwise in advance of trial.

SIGNED this 11th day of March, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE